IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL JIMENEZ, | No. C 09-05575 CRB |
| Plaintiff, | **ORDER GRANTING MOTIONS TO DISMISS** |
| v. | |
| BANK OF AMERICA FKA, et al., | |
| Defendants.               / | |

    In this mortgage case, Plaintiff has brought suit against Bank of America FKA Countrywide Home Loans, AEGIS Wholesale Corporation, Commonwealth Land Title, Mortgage Electronic Registration Systems, Inc., Twin Capital Mortgage, and Darius John Mirshanzaden (an individual and presumably an employee of Twin Capital). He alleges causes of action for: (1) violation of TILA; (2) violation of the California Rosenthal Act, Cal. Civil Code §§ 1788; (3) negligence; (4) violation of RESPA; (5) breach of fiduciary duty; (6) fraud; (7) violations of California Business and Professions Code § 17200; (8) breach of contract; (9) breach of the implied covenant of good faith and fair dealing; and (10) wrongful foreclosure.

    Two sets of defendants, (1) Commonwealth Land Title, and (2) Twin Capital Mortgage and Mirshanzaden, have brought motions to dismiss various causes of action, now pending before this Court. Plaintiff failed to file an Opposition to either motion, in violation

1   of Civil Local Rule 7-3, and Plaintiff's counsel did not respond to messages from the court's
2   staff alerting Plaintiff to said failure.  At the motion hearing held today, Plaintiff's counsel
3   did not oppose the motions, but asked the Court for leave to amend.  When the Court asked
4   Plaintiff's counsel what reason she had to amend, counsel provided none, instead asserting
5   simply that she was "submitting."

6   Under Federal Rule of Civil Procedure 15(a)(2), permission to amend is not
7   automatic; it is only allowed "when justice so requires."  Though leave is often "freely
8   given," the Court must also consider such factors as "undue delay, bad faith or dilatory
9   motive on the part of the movant, repeated failure to cure deficiencies by amendment, futility
10  of amendment, etc."  See Foman v. Davis, 371 U.S. 178, 182 (1962).  In light of the
11  arguments in Defendants' motions, as well as Plaintiff's failure to articulate any additional
12  facts that could be added upon amendment, the Court finds that amendment would be futile.
13  See Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998).  Moreover, "a
14  district court does not abuse its discretion in denying a motion to amend where the movant
15  presents no new facts but only new theories and provides no satisfactory explanation for his
16  failure to fully develop his contentions originally."  Bonin v. Calderon, 59 F.3d 815, 845 (9th
17  Cir. 1995).

18  Accordingly, the Court GRANTS Defendants' motions, with prejudice.
19  **IT IS SO ORDERED.**

22  Dated: February 5, 2010           CHARLES R. BREYER
                                      UNITED STATES DISTRICT JUDGE